# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MILTON D. GRAYSON, )
        Petitioner, )
         )
v. ) Case No. CIV 13-422-RAW-KEW
         )
TRACY McCOLLUM, Warden, )
         )
        Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in Seminole County District Court Case No. CF-2003-86 for First Degree Rape by Force or Fear (Count I), First Degree Burglary (Count II), and Assault and Battery with a Dangerous Weapon (Count III), all After Former Conviction of Two or More Felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 10/28/2004 | Petitioner's direct appeal was affirmed in *Grayson v. State*, No. F-2003-1343 (Okla. Crim. App. Oct. 28, 2004). |
| 01/26/2005 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 01/27/2005 | Petitioner's statutory year began to run. |
| 02/04/2005 | Petitioner filed a petition for a writ of *certiorari* in the Oklahoma Supreme Court. |
| 02/22/2005 | Petitioner's petition for a writ of *certiorari* was dismissed for lack of jurisdiction. *Grayson v. State*, No. 101,754 (Okla. Feb. 22, 2005). |

| 10/31/2005 | Petitioner filed an application for post-conviction relief in the Seminole County District Court. |
| 11/08/2005 | The trial court denied petitioner's post-conviction application. |
| 02/11/2008 | The trial court denied petitioner's request for a post-conviction appeal out of time. |
| 03/06/2008 Criminal | Petitioner filed an application in the Oklahoma Court of Appeals (OCCA) for a post-conviction appeal out of time. |
| 05/13/2008 | The OCCA denied the application for a post-conviction appeal out of time. |
| 09/13/2013 | Petitioner filed this petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's conviction became final on January 26, 2005, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d

1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). His statutory year began to run on January 27, 2005, and it expired on January 27, 2006. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas corpus petition, filed on September 13, 2013, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner attempted to obtain relief by filing a petition for a writ of *certiorari* in the Oklahoma Supreme Court on February 4, 2005. The petition was dismissed on February 22, 2005, for lack of jurisdiction, noting that the OCCA possesses exclusive jurisdiction over criminal appellate matters within Oklahoma. *Grayson*, No. 101,754, slip op. at 1 (citing Okla. Const., art. VII, § 4). Because the petition for a writ of *certiorari* was not "properly filed," it did not toll the statute of limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the court and office in which it must be lodged . . . ." (emphasis in original)).

Petitioner next filed an application for post-conviction relief on October 31, 2005, in the trial court, which denied the petition on November 8, 2005. He did not appeal the trial court's denial, so the limitations period was tolled for the nine days the application was pending. In addition, "the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). Therefore, petitioner is allowed 30 additional days of tolling after the denial of his post-conviction application. Adding 39 days to petitioner's statutory deadline of January 27, 2006, his habeas petition was due by March 7, 2006. There is no statutory tolling for petitioner's attempts at relief that were filed after that date. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). This habeas petition, filed on September 13, 2013, was untimely.

Petitioner alleges in his petition that he is a lay person who did not have access to

counsel in his post-conviction proceedings, and he is actually innocent. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Also, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Furthermore, apart from his unsupported allegations, there is no evidence in the record to suggest petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Therefore, the court finds that equitable tolling is not warranted, and this petition is barred by the statute of limitations.

The court further finds petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition (Docket No. 12) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22ⁿᵈ day of September 2014.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**